IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES E. RUDOLPH,                  :

    Plaintiff,                    :

vs.                                :
                                       CIVIL ACTION 04-0192-M
JO ANNE B. BARNHART,                :
Commissioner of
Social Security,                   :

    Defendant.                    :


MEMORANDUM OPINION AND ORDER

    In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (*SSI*). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 14). Oral argument was waived in this action (Doc. 16). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED and REMANDED** to the Social Security Administration.

    This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health

and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

   Plaintiff was born October 6, 1958.  At the time of the administrative hearing, Rudolph was forty-one years old, had completed a ninth-grade education (Tr. 322), and had previous work experience as a construction laborer (Tr. 324).  In claiming benefits, Plaintiff alleges disability due to peptic ulcer disease and mild mental retardation (Doc. 7 Fact Sheet).

   The Plaintiff filed a protective application for SSI on May 3, 2001 (*see* Tr. 14).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Rudolph was capable of performing his past relevant work as a laborer in the construction industry (Tr. 11-22). Plaintiff requested review of the hearing decision (Tr. 8-10) by the Appeals Council, but it was denied (Tr. 3-5).

   Plaintiff claims that the opinion of the ALJ is not

supported by substantial evidence. Specifically, Rudolph alleges that: (1) The ALJ improperly determined that he had no severe mental impairment; and (2) he is presumptively disabled under Listing 12.05B (Doc. 7). Defendant has responded to—and denies— these claims (Doc. 10).

Plaintiff first claims that the ALJ improperly determined that he had no severe mental impairment. In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (1994).[1] The Eleventh Circuit Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

---

[1]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

A disability evaluation was completed by Psychologist W. G. Brantley, and signed-off-on by Psychiatrist Charles H. Smith, on August 11, 2001 (Tr. 243-46).  Following a general interview, Brantley found Shirley to function in the Borderline Range of Intellectual Functioning; his thought processes were slow, but functional (Tr. 244).  Insight and judgment were normal for a person in the Borderline to Mild Range of Intellectual Functioning (Tr. 245).  The WAIS-III was administered and Plaintiff scored a verbal IQ of 61, a performance IQ of 59, and a Full Scale IQ of 57 (Tr. 245).  The results were thought to be valid though the Psychologist thought that Rudolph's abilities exceeded these test results (Tr. 245-46).  The Court notes that this evidence is unrebutted in the record.

The ALJ noted Brantley's conclusions but did not address the results of the WAIS-III (Tr. 18).  Instead, the ALJ attributed Plaintiff's low cognitive functioning to his alcohol abuse and went on to find no severe mental impairment.

The Court notes that an IQ score of 59 or less meets one of the requirements for a finding of disability on the basis of mental retardation.  *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05B (2004).  Though the Court is aware of

the evidence indicating that Plaintiff has an alcohol dependence problem, the ALJ cannot turn a blind eye to the evidence of IQ deficiency.  The Court finds that the ALJ's opinion that Rudolph has no severe mental impairment is not supported by substantial evidence.

The Court notes Defendant's argument that Plaintiff's claim is one merely of "form over function" as the ALJ ultimately reached the correct result (Doc. 10, pp. 12-14).  The Court finds no merit in this argument.  The ALJ's decision demonstrates that he did not properly consider Rudolph's claim at step two of the evaluation; this suggests to the Court that everything beyond that step is suspect.

The Court also rejects Defendant's argument that the ALJ's decision as, at most, harmless error as the ALJ found that Plaintiff could work (*id.*).  The Court notes, though, that the State Agency's non-examining physician indicated that Rudolph was mild to moderately restricted in daily living activities, mildly limited in social functioning, and had moderate difficulty in maintaining concentration, persistence or pace (Tr. 257); there is no indication that the ALJ considered this evidence either.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by

substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED AND REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's mental abilities.  Judgment will be entered by separate document.

DONE this 26th day of April, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE